**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0007-17T1

TRAP-ZAP ENVIRONMENTAL
SYSTEMS,

     Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR and CHRISTOPHER OH,

     Respondents.

_____

        Submitted December 11, 2018 – Decided January 9, 2019

        Before Judges Yannotti and Natali.

        On appeal from the Board of Review, Department of Labor, Docket No. 122,416.

        Mandelbaum Salsburg, PC, attorneys for appellant (Steven I. Adler and Jennifer E. Presti, on the brief).

        Gurbir S. Grewal, Attorney General, attorney for respondent Board of Review (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Shareef M. Omar, Deputy Attorney General, on the brief).

Respondent Christopher Oh has not filed a brief.

PER CURIAM

Trap-Zap Environmental Systems, Inc. (TZ) appeals from a final decision of the Board of Review (Board), which upheld a determination of the appeal tribunal that TZ's former employee, Christopher Oh, was not disqualified for unemployment benefits. We reverse and remand the matter for a new hearing on Oh's claim for benefits.

We briefly summarize the relevant facts and procedural history. TZ employed Oh as a construction project manager from February 19, 2016, through April 23, 2017, when he resigned. Thereafter, Oh filed a claim for unemployment benefits. A deputy commissioner in the New Jersey Department of Labor denied the claim, finding that Oh was disqualified for benefits under N.J.S.A. 43:21-5(a) because he voluntarily quit his position without good cause attributable to the work.

Oh appealed that determination to the appeal tribunal, which mailed a "Notice of Phone Hearing" to Oh and TZ on June 23, 2017. The notice stated that the appeal tribunal had scheduled a telephone hearing in the matter for 9:00 a.m., on June 30, 2017, and that each party "must call the Office of Benefit Appeals" to register for the hearing no later than 3:00 p.m. on the business day

prior to the hearing date "to indicate that you will be participating in the scheduled hearing." The notice identified the issues that the appeal tribunal would be addressing at the hearing.

The notice further stated that when they called to pre-register, the parties each would be asked to provide its name, docket number for the case, and telephone number. Each party also would be asked for contact information of others who may be participating in the hearing, and would be given a confirmation number. In addition, the notice stated that

> the Office of Benefit Appeals WILL NOT INITIATE A CALL TO YOU UNLESS YOU HAVE REGISTERED FOR THE HEARING AS INSTRUCTED ABOVE. So, please remember to REGISTER NO LATER THAN 3:00 P.M., EST, ON THE BUSINESS DAY PRIOR TO YOUR SCHEDULED HEARING BEFORE THE APPEAL TRIBUNAL.
>
> Your appeal may be dismissed or you may be denied participation in the hearing if you fail, without good cause, to follow the instructions contained in this notice.

Along with the notice, the appeal tribunal provided a page of telephone-hearing instructions. The instructions stated in part that

> The [a]ppeals [e]xaminer will call you to begin the hearing at the number you provided when you registered for the hearing. You are responsible for making sure the [a]ppeals [e]xaminer has the correct telephone number for you and any witnesses. If you are

3

not available when called for a telephone hearing, you may not be able to join the hearing after it begins. If the [a]ppeals [e]xaminer is unable to reach the appealing party by phone within [ten] minutes from the start time of the hearing, the appeal will be dismissed. If the [a]ppeals [e]xaminer is unable to reach a non-appealing party within [ten] minutes from the start time of the hearing, the hearing may proceed without [that person].

The appeal tribunal also provided a copy of information about the hearing, which discussed evidence, witnesses, representation, postponements, requests to withdraw the appeal, and other matters.

On June 30, 2017, the appeal examiner conducted the telephonic hearing. During the hearing, Oh testified in February 2016, TZ hired him to work as a construction project manager, at an annual salary of $70,000 per year, with commissions for certain jobs. In July 2016, TZ increased Oh's base annual salary to $73,000. Oh said his regular work hours were from 8:00 a.m. to 5:00 p.m., on Mondays to Fridays. He testified, however, that he "worked much more than that," sometimes at night.

Oh resigned his position at TZ on April 23, 2017, by sending an email to Robert K. Belle, TZ's President. Oh stated that Belle was the person to whom he "answered." Oh said Belle had decided to dock his salary $20,675, in eighteen monthly installments of $1148.61, for mistakes Oh allegedly made and

4

for the loss of certain equipment. TZ made the first deduction from Oh's pay in April 2017.

Oh claimed that Belle was abusive to persons who worked in the office, but he conceded that Belle never directed profane or vulgar language at him. Oh stated that Belle's conduct raised "the stress level" of everybody who worked for the company. He testified that when he asked Belle questions, Belle "would get visibly agitated" and "his conversations did not foster true communications."

Oh also asserted that Belle created a hostile work environment, and claimed that in the fifteen months he worked for the company, there was a constant turnover of employees. He testified that he would frequently see workers crying from the "stress" caused when Belle berated them.

Oh further testified that he was hired as a project manager but ended up handling other responsibilities as well. According to Oh, it got to the point where he could not perform all of the tasks he was asked to perform. He said he needed help, but it was not provided.

Oh called two witnesses in support of his claim, H.M. and G.F.[1] H.M. testified that he worked at TZ for three years, and resigned about the time Oh left. H.M. stated that Belle cursed at him all the time. He stated that Belle called

---

[1] We refer to these individuals using initials, in order to protect their privacy.

him a "fat fuck" several times. He conceded, however, that he never saw Belle curse at Oh. H.M. stated that he suffered from sleep apnea, which he claimed was due to his job at TZ. He asserted that there was a hostile work environment at TZ, and stated that this was why employees left the company.

G.F. testified that she worked for TZ as an administrative assistant from January 2015 to mid-March 2017. She said Belle cursed and yelled at her, which was the reason she left the company. According to G.F., Belle would often curse and he was very aggressive and at times "visibly angry." She asserted that Belle called her a "douche bag" in front of the office staff.

G.F. further testified that Belle was "verbally abusive" to Oh, although he did not curse directly at him. She said Belle cursed about Oh's work. G.F. also said Belle was "difficult" and "unapproachable." G.F. stated there was a constant turnover in the office, and the level of stress made it difficult to function properly.

The appeals examiner issued a written decision, which was mailed to the parties on June 30, 2017. The examiner found that Oh was not disqualified for benefits under N.J.S.A. 43:21-5(a) because he left his position at TZ for good cause attributable to the work. The examiner noted that TZ began to dock Oh's salary with the first monthly deduction of $1148.61, and this deduction had "a

considerable impact on [Oh's] earnings." The examiner wrote, "Clearly, such a deduction, coupled with an employer who is not communicative, caused a severe hardship and hostile work environment."

TZ filed a timely appeal to the Board from the examiner's decision. In a letter dated July 4, 2017, Belle asserted that TZ had been wrongfully denied the opportunity to participate in the hearing. Belle stated that he called the appeal tribunal on the date of the hearing, but he was not permitted to participate because he had not pre-registered for the call. He claimed TZ was not aware it had to pre-register in order to participate in the hearing.

Belle provided the Board with the evidence he would have presented if TZ had been allowed to participate in the hearing. Belle explained Oh's compensation package, noting that four months after he was hired, the company had increased Oh's salary to $73,000, with the opportunity for an annual bonus of $12,000 and commissions.

Belle also described Oh's job duties. He disputed Oh's claim that he had too much work to do. He denied Oh's assertion that he was not approachable, and stated that he never directed profane or vulgar language at Oh. In addition, Belle detailed the reasons he decided to dock Oh's pay. He concluded his letter by stating that:

A-0007-17T1

[i]t is clear that [Oh] has fabricated various excuses to both the State to collect unemployment benefits and to his attorney to shake down the Employer with the intention of receiving compensation not due him. In reality, [Oh] voluntarily quit his job without good reason attributable to [his] work. His base salary was never reduced and he was never in a hostile work environment. He chose to quit to avoid paying [the] [e]mployer money he owed for stealing equipment, for damage to a new company truck he caused and for other financial damage he caused [the] [e]mployer to incur. In short, he chose to resign from a very lucrative position (paying a base salary of $73,000 and the possibility of earning substantially more in commissions and bonus) due to problems he caused himself. Under these circumstances, unemployment [benefits] should not be paid to [Oh].

The Board issued a final decision on August 7, 2017, affirming the appeal tribunal's determination finding that Oh was qualified for benefits. The Board noted that since TZ had been given the opportunity to appear at the hearing and did not present good cause for failing to appear or request an adjournment, "there is no valid ground for a further hearing."

This appeal followed. Thereafter, TZ filed a motion in this court to supplement the record on appeal, with evidence it would have presented at the appeal tribunal hearing if it had been allowed to participate. We denied the motion.

A-0007-17T1

On appeal, TZ argues the Board's decision should be reversed because: (1) it was denied due process when the appeal tribunal did not allow it to participate in the hearing; (2) Oh was disqualified for benefits under N.J.S.A. 43:21-5(a); and (3) the Board failed to provide sufficient reasons for its decision.

We note initially that the scope of our review of a final decision of an administrative agency is limited. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997) (citing Public Serv. Elec. v. N.J. Dep't of Envtl. Prot., 101 N.J. 95, 103 (1985)). Furthermore, the decision of an administrative agency should not be disturbed unless shown to be arbitrary, capricious or unreasonable. Ibid. (citing In re Warren, 117 N.J. 295, 296 (1989)).

In reviewing the agency's decision we consider whether: (1) the decision violates the New Jersey Constitution or the Constitution of the United States; (2) the decision is contrary to express or implied legislative policies; (3) the decision is based on factual findings supported by substantial credible evidence in the record; and (4) in applying the law to the facts, "the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors." Id. at 210-11 (quoting George Harms Constr. v. Turnpike Auth., 137 N.J. 8, 27 (1994)).

A-0007-17T1

We recognize that the notice of hearing mailed to TZ required that it pre-register to indicate that it would be participating in the hearing and that the notice stated that the appeal tribunal would not initiate a call to a party that has not pre-registered. We also recognize that TZ did not, in fact, pre-register prior to the scheduled hearing. Nevertheless, we are convinced the Board erred by upholding the appeal tribunal's determination because the appeal tribunal did not permit TZ to participate in the hearing, and TZ showed that it had evidence that was relevant to Oh's claim for benefits.

As we have explained, although TZ failed to register prior to the scheduled hearing date, TZ called the appeal tribunal at the time of the scheduled telephonic hearing and asked to participate in the call. The appeal tribunal denied the request. Although the notice provided to TZ states "you may be denied participation in the hearing if you fail, without good cause, to follow the instructions contained in this notice," we are convinced the appeal tribunal acted arbitrarily and unreasonably in failing to allow TZ to participate.

In its decision, the Board stated that TZ failed to show good cause for failing to appear or seek an adjournment. The record does not support that finding. The record shows that TZ called the appeal tribunal at the time the hearing was scheduled. It was ready to appear, but the appeal tribunal refused

A-0007-17T1

to permit TZ to participate in the telephone call. Moreover, TZ asked for permission to seek an adjournment, but the appeal tribunal refused to allow TZ to make that request.

We note that there is nothing in the record indicating that TZ could not have been added to the call for the telephonic hearing. There also is nothing in the record indicating that TZ's participation would have in any way delayed the proceeding. There also is nothing in the record to show that Oh would have been prejudiced if TZ had been allowed to participate.

On appeal, the Board argues that N.J.A.C. 1:12-14.4(a) supports its determination that the appeal tribunal properly precluded TZ from participating in the hearing. The regulation states, "[i]f the appellant fails to appear for a hearing before an appeal tribunal, the appeal tribunal may proceed to make its decision on the record or may dismiss the appeal on the ground of nonappearance unless it appears that there is good cause for adjournment." Ibid.

The regulation does not apply to this situation. TZ was not the "appellant" in the matter before the appeal tribunal. TZ is the employer and it was responding to the appeal. Furthermore, there is no duly promulgated regulation that specifically states a respondent will not be permitted to participate in a scheduled telephone hearing if that respondent has not registered for the call,

even if that respondent calls the appeal tribunal at the scheduled date and time of the hearing.

Furthermore, as Belle's letter to the Board indicates, TZ has evidence that is relevant to Oh's claim. If accepted, that evidence might warrant denial of Oh's claims for benefits on the ground that he left his position without good cause attributable to the work. We conclude that under the circumstances, the Board erred by failing to remand the matter to the appeal tribunal for a new hearing.

Accordingly, we reverse the Board's decision finding that Oh was entitled to unemployment compensation benefits, and remand the matter for a new hearing before the appeal tribunal, at which TZ should be allowed to participate. In view of our decision, we need not address the other issues raised by TZ in this appeal.

Reversed and remanded to the Board for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-0007-17T1